124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Edward BRADLEY, Defendant-Appellant.
 No. 96-30290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief District Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Dwayne Edward Bradley appeals pro se the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of the 195-month sentence imposed after his conviction by jury trial for firearm possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).
 
 
 3
 Bradley contends that he was entitled to a reduction of his sentence because he was sentenced as a career offender pursuant to U.S.S.G. §§ 4B1.1 and that therefore he is entitled to the benefit of the retroactive amendment to that section. Bradley's contention fails because the presentence report and the court's findings of fact indicate that Bradley was sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B), not as a "career offender" under U.S.S.G. § 4B1.4(b)(2). Thus, Bradley's criminal history category of VI was due to his eight violent felony convictions or 19 criminal history points rather than the court's application of the career offender provision of U.S.S.G. § 4B1.4(b)(2). He therefore is not entitled to the benefit of the retroactive amendment applicable to U.S.S.G. § 4B1.1.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3